## Commonwealth v. Latsha

*Frank R. Hean,* for Commonwealth.
*James E. Snyder,* for defendant.

HARGEST, P. J., April 8, 1946.—Defendant is indicted for maintaining "a Great Dane dog which he permitted to roam at large and cause damage to the properties located at Harrisburg R. D. 2, to the annoyance of the public". He waived a jury trial and pled not guilty. The case was tried upon the theory that this was an indictment for a common nuisance.

The evidence showed that defendant leased a farm and sublet a house thereon to a family named Weaver.

In November 1945 Azar, a butcher, with a truck with a meat box on the rear, stopped at the Weaver house, and while in the house defendant's dog jumped on the back of the truck and took therefrom a roast of lamb. On two other occasions the dog chased some of Weaver's ducks and chickens, and on still another occasion the dog took a package of meat from the Weaver premises.

There is no evidence that any other neighbors have been disturbed.

The dog at the time was six months old, a large Great Dane, standing almost three feet in height. There is no evidence that he was in any sense vicious. On the other hand, the evidence is that he was a gentle, playful pup. Of course it is a public nuisance to maintain a ferocious or vicious dog and allow him to roam at large, to the damage or danger of the neighborhood. But in the instant case we cannot find that the dog was either vicious or ferocious, and there is no evidence that he was allowed to roam at large, although he was at certain times loose on the farm which was rented by defendant.

The Penal Code of June 24, 1939, P. L. 872, sec. 612, 18 PS §4612, provides:

"Whoever erects, sets up, establishes, maintains, keeps up or continues, or causes to be . . . set up, established, maintained, kept up or continued, any public or common nuisance, is guilty of a misdemeanor," . . .

We are of opinion that the evidence in this case does not make out a case of common nuisance beyond a reasonable doubt. This dog was not vicious, he annoyed but one family and one merchant who stopped to serve that family. He was not disturbing the neighborhood and was not roaming at large, but only on the ground controlled by defendant, except as he may have invaded once, or perhaps twice, the yard sublet to the Weavers.

We cannot find defendant guilty. At most there was nothing but civil liability for any damage that the dog inflicted. There was ill feeling between the Weavers and Latsha over the question of rent; and this prosecutor, for some reason, apparently sided with the Weavers, because he testified: "The Weavers were having trouble with Latsha, and I had ceased speaking to the man quite some time before, because of certain rumors coming back to me from him, that I didn't care to have anything to do with him." So that, as soon as the dog made away with the meat, Azar rushed into the criminal court and brought this prosecution.

It may be that defendant allowed the dog to roam too freely. There was some notice given by what Mrs. Weaver designated as the "dogman" to Latsha to keep the dog tied.

Under the circumstances, perhaps justice will be done by dividing the costs between prosecutor and defendant.

And now, April 8, 1946, we adjudge defendant not guilty, and direct that A. Z. Azar and Earl Latsha each pay one half of the costs.